# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ANGELA R. LANG, et al., | ) |
|                 Plaintiffs, | ) |
| v. | ) Case No. 15-CV-6069-SJ-DGK |
| MINO FARMS, INC., et al., | ) |
|                 Defendants. | ) |

## JUDGMENT AND ORDER APPROVING SETTLEMENT OF WRONGFUL DEATH CLAIMS HELD BY PLAINTIFFS

This case arises out of a fatal car crash in north-central Missouri. Plaintiffs, the parents of an infant who died in that crash, sued the other vehicle's driver, Defendant Scott Popeko ("Popeko"), and the vehicle's owner, Defendant Mino Farms, Inc. ("Mino Farms").

The parties have agreed to settle the wrongful death claims and some of Plaintiffs' personal claims. Now before the Court is the parties' joint motion for approval of their wrongful death settlement agreement (Doc. 204). Because the gross settlement amount, claimant distribution, and attorneys' fees are fair and reasonable, the motion is GRANTED and the settlement is APPROVED.

### Factual Findings

The Court finds the following facts, which are uncontested and derive from the parties' filings in support of their motion (Docs. 204-1 to -11). In 2014, a vehicle carrying Plaintiff Angela Lang and her nine-month-old son W.L. was struck by a tractor-trailer truck driven by Popeko and owned by Mino Farms. W.L. sustained severe blunt force injuries and died two days later. Angela Lang also suffered significant bodily injury.

W.L.'s medical bills totaled $70,934.00. An economist estimates that his death represents $1,736,632.00 million in economic loss.

Plaintiffs sued Popeko, Mino Farms, Mino Farms' apparent owners, other entities who engage in a farming operation with Mino Farms, the manufacturer of the truck's tires ("Sumitomo"), and a company that serviced the truck before the crash ("M&L Trucking"). On their own behalf, Plaintiffs sued various of these Defendants for negligence, strict liability, and loss of consortium. In their capacity as W.L.'s parents, Plaintiffs sued Defendants for wrongful death.

All parties have reached an agreement to settle all wrongful death claims between them. As required by the Missouri Wrongful Death Statute, the parties now seek Court approval of their settlement agreements. *See* Mo. Rev. Stat. § 537.095.1.

Under two of the proposed settlement agreements (Docs. 204-4 to -5), Plaintiffs agree to release Sumitomo and M&L Trucking from all liability related to any claims in this lawsuit—not just the wrongful death claims. In exchange, Sumitomo and M&L Trucking will respectively pay Plaintiffs $400,000.00 and $250,000.00. Half of each of those sums would apply to the wrongful death claims against them; the other half would apply to Plaintiffs' personal claims.

Under the other two proposed settlement agreements (Docs. 204-2 to -3), Plaintiffs agree to release the remaining Defendants from wrongful death liability. One set of Defendants—Mino Farms, John Mino, Carol Mino, and Popeko—will pay Plaintiffs $2,000,000.00. The remaining Defendants will pay Plaintiffs $2,600,000.00. Half of each of those sums would apply to the wrongful death claims against them; the other half would apply to Plaintiffs' personal claims. It is unclear what remaining claims Plaintiffs will have against Defendants if this settlement is approved.

For all these settlements, Plaintiffs will pay their two law firms $983,300.00 in attorneys' fees. Matteuzzi & Brooker charged them a contingency fee of 33.33% for recovery associated with Mino Farms, John Mino, Carol Mino, and Popeko, the original defendants. After Matteuzzi & Brooker investigated the case and sought to add the remaining defendants, it associated with Langdon & Emison, a firm retained for their products liability experience. Together, these firms charged Plaintiffs a contingency fee of 40% for recovery associated with all Defendants except Mino Farms, John Mino, Carol Mino, and Popeko. Plaintiffs have discussed these fees with their attorneys several times and think they are reasonable.

Four medical entities have claimed liens against the settlement proceeds in the total amount of $27,321.09.

## Discussion

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095.1. To obtain approval, a plaintiff must demonstrate that: (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id.* § 537.080.1; (2) the amount of settlement is fair and reasonable, *see id.* § 537.095.3; and (3) the attorneys' fees are paid in accordance with the Missouri Rules of Professional Conduct, *see id.* § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010); *Clark v. Gen. Motors, LLC*, — F. Supp. 3d —, 2015 WL 11023441 (W.D. Mo. 2015).

Here, the settlement warrants approval. First, Plaintiffs have satisfied the notice requirements. Plaintiffs are the only individuals entitled to recover for W.L.'s wrongful death, because they are his only known spouses, children, parents, or siblings. Therefore, Plaintiffs are

3

the only persons entitled under Missouri law to share in the apportionment of wrongful death damages for W.L.'s death.

Second, the Court finds the gross settlement amount of $2,625,000.00 to be fair and reasonable compensation for Plaintiffs' wrongful death claims. W.L. sustained severe personal injuries before passing away, and incurred over $70,000.00 in medical bills. An economist quantified his economic loss as $1.7 million.

Third, the settlement agreement provides for a reasonable amount of attorneys' fees and litigation expenses. *See* Mo. R. Prof. Conduct 4-1.5(a). Plaintiffs' attorneys have performed substantial work preparing for and prosecuting this lawsuit, which has involved several diverse defendants and several experts. *See* Aff. of Richard E. McLeod in Supp. of Settlement and Fee (Doc. 204-11) (assessing Plaintiffs' attorneys' work in light of Rule 4-1.5(a)); *cf. Clark*, 2015 WL 11023441, at *8–12 (finding a forty-percent contingency unreasonable where the attorneys spent little time on the matter).

Therefore, the Court approves the parties' settlement of these wrongful death claims. *See* Mo. Rev. Stat. § 537.095.

## Conclusion

For the above reasons, the "Amended Application to Approve Partial Wrongful Death Settlement Pursuant to R.S.Mo. §537.095" (Doc. 204) is GRANTED. The Court approves the parties' settlement agreements, as outlined in Docs. 204-2 to -5. The parties must execute that settlement agreement, and apportion and distribute the settlement proceeds as described in those contracts and in the Distribution of Settlement Proceeds (Doc. 204-1). Those parties must collect and receipt for the payment of these proceeds, and then acknowledge satisfaction of the proceeds.

Once the parties have done so, they must file with the Court: (1) a stipulation of dismissal with prejudice; and (2) a schedule of claims remaining for disposition.

**IT IS SO ORDERED.**

Date:  July 26, 2016   /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT